**Kimberly Ann KEARNS, et al., Respondents,**

v.

**AMERICAN FAMILY INSURANCE GROUP, Appellant.**

No. C5–91–1785.

Court of Appeals of Minnesota.

June 23, 1992.

Review Denied Aug. 4, 1992.

Richard W. Johnson, Red Wing, for respondents.

George F. Vogel, Holst, Vogel, Erdmann & Vogel, Red Wing, for appellant.

Considered and decided by AMUNDSON, P.J., and NORTON and PETERSON, JJ.

## OPINION

NORTON, Judge.

Respondents Kimberly Ann Kearns and Lawrence Kearns brought a declaratory judgment action seeking to stack uninsured benefits of separate insurance policies on their two vehicles. The trial court granted the Kearnses' motion to apply Wisconsin's stacking statute. American Family's petition for discretionary review of the order was subsequently denied by this court. The matter proceeded to trial where the jury awarded damages in excess of $100,-000 and found no negligence on the part of Kimberly Ann Kearns. Upon American Family's post-trial motions for JNOV, a new trial, or amended order for judgment reducing damages, the trial court ordered reduction of the total damages to $75,000. American Family appeals from the judgment.

## FACTS

On June 20, 1989, Kimberly Ann Kearns was driving a truck in which her husband, Lawrence Kearns, was a passenger. The Kearnses' vehicle was struck from behind by a vehicle operated by Robby Jon Miller at a Red Wing, Minnesota intersection, resulting in injuries to Kimberly Ann Kearns. Miller was uninsured at the time of the accident. The Kearnses' vehicle had $25,-000 per person, $50,000 per accident uninsured motorist coverage through a policy with the American Family Insurance Group (American Family). A second vehicle owned by the Kearnses had uninsured motorist coverage of $50,000 per person, $100,000 per accident under an American Family policy.

The Kearnses filed a claim with American Family requesting payment of $75,000 in uninsured motorist benefits, $25,000 for the insured vehicle and $50,000 for the second insured vehicle. American Family paid $25,000 in uninsured motorist benefits but denied stacking.

At the time of the accident, the Kearnses resided in Wisconsin, where their vehicles were registered and garaged. American Family is licensed to do business in Wisconsin, and the Kearnses' policies were issued there. Part VI—General Provisions, Section 3 of each policy contains an anti-stacking provision:

**Two or More Cars Insured.** The total limit of **our** liability under all policies issued to **you** by **us** shall not exceed the highest limit of liability under any one policy.

Part VI—General Provisions, Section 11 of each policy, however, requires its terms to be interpreted according to the law of the state in which it was issued:

**Terms of Policy Conform to Statute.** Terms of this policy which are in conflict with the statutes of the state in which this policy is issued are changed to conform to those statutes.

It is unclear whether Miller resided in Wisconsin at the time of the accident. The police accident report lists Miller's address as being in Wisconsin. During trial, however, Miller's testimony indicated that he lived in Red Wing, Minnesota at the time of the accident.

Minnesota was the situs of the accident and of Kimberly Ann Kearns's medical treatment. Both of the Kearnses were employed in Minnesota at the time of the accident. American Family is also licensed to do business in Minnesota.

## ISSUE

Can a Wisconsin resident, who owns two vehicles insured and garaged in Wisconsin, when injured in a Minnesota accident, stack uninsured motorist benefits when her policies, by operation of law, provide for stacking?

## ANALYSIS

American Family argues Minnesota law should apply to prohibit stacking of uninsured motorist benefits under the Kearnses' policies while the Kearnses argue Wisconsin law should apply to allow stacking. Both parties attempt to resolve this apparent conflict under a choice-of-law analysis.

■ Before applying the choice-of-law analysis, this court "must first determine whether the choice of one law will be 'outcome determinative,' i.e., whether there is an actual conflict." *Hague v. Allstate Ins. Co.*, 289 N.W.2d 43, 46–47 (Minn.1979) (citing *Myers v. Government Employees Ins. Co.*, 302 Minn. 359, 225 N.W.2d 238 (1974)), *aff'd*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). We conclude there is not an actual conflict of law in this case. Application of either Minnesota or Wisconsin law would render the same result— allowance of stacking.

■ Current Minnesota law prohibits stacking of uninsured benefits unless the parties contract for that right. Minn.Stat. § 65B.49, subds. 3a(5), (6) (1990); *Austin Mut. Ins. Co. v. Templin*, 435 N.W.2d 584, 587 (Minn.App.1989) (Minnesota law prohibiting court-imposed stacking of underinsured motorist coverage permits stacking pursuant to contractual language of policy), *pet. for rev. denied* (Minn. Apr. 24, 1989). Here, the parties have contracted for the right of stacking.

■ The Kearnses' policies state any provisions in conflict with the statutes of Wisconsin are changed to conform with Wisconsin law. Accordingly, the anti-stacking clauses in the policies are in effect deleted, and Wis.Stat. § 631.43(1) (1990), which mandates stacking, is inserted. *See also Tahtinen v. MSI Ins. Co.*, 122 Wis.2d 158, 361 N.W.2d 673, 675 (1985); *Welch v. State Farm Mut. Auto. Ins. Co.*, 122 Wis.2d 172, 361 N.W.2d 680, 682 (1985) (both interpreting Wis.Stat. § 631.43(1) as requiring stacking). By agreeing to the policies' conformity with Wisconsin law, the parties have contracted for Wisconsin law to apply.

■ Applying either state's law results in stacking. As no conflict exists here, we find it unnecessary to proceed in the choice-of-law analysis to examine the five choice-of-law considerations set forth in *Milkovich v. Saari*, 295 Minn. 155, 161, 203 N.W.2d 408, 412 (1973).

## DECISION

No choice-of-law analysis is necessary here where Minnesota and Wisconsin law do not conflict. By operation of law, the policies provide for stacking. The trial judge, therefore, properly applied Wisconsin law allowing stacking of uninsured motorist benefits to this Wisconsin policy.

Affirmed.